# THE UNITED STATES COURT OF APPEALS
# FOR THE TENTH CIRCUIT

| | | |
|---|---|---|
| **RYAN PYLE,** | * | |
| *Plaintiff-Appellant*, | * | |
| v. | * | No. 15-4163 |
| **JAMES WOODS, et al.,** | * | |
| *Defendants-Appellees*. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| **MARLON JONES,** | * | |
| *Plaintiff-Appellant*, | * | |
| v. | * | No. 15-4187 |
| **JAMES WOODS, et al.,** | * | |
| *Defendants-Appellees*. | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**MOTION FOR LEAVE TO FILE AMICUS BRIEF
OF PROPOSED AMICI CURIAE
AMERICAN CIVIL LIBERTIES UNION,
AMERICAN CIVIL LIBERTIES UNION OF UTAH,
AMERICAN CIVIL LIBERTIES UNION OF COLORADO,
AMERICAN CIVIL LIBERTIES UNION OF KANSAS,
AMERICAN CIVIL LIBERTIES UNION OF NEW MEXICO,
AMERICAN CIVIL LIBERTIES UNION OF OKLAHOMA, AND
AMERICAN CIVIL LIBERTIES UNION OF WYOMING**

## Corporate Disclosure Statement

Proposed Amici Curiae American Civil Liberties Union, American Civil Liberties Union of Utah, American Civil Liberties Union of Colorado, American Civil Liberties Union of Kansas, American Civil Liberties Union of New Mexico, American Civil Liberties Union of Oklahoma, and American Civil Liberties Union of Wyoming are non-profit entities that do not have parent corporations. No publicly held corporation owns ten percent or more of any stake or stock in amici.

*/s/ Leah Farrell*
Leah Farrell

## Statement About Proposed Amici

The American Civil Liberties Union ("ACLU") is a nationwide, nonprofit, nonpartisan organization with over 500,000 members dedicated to defending the principles embodied in the Constitution and our nation's civil rights laws. The ACLU of Utah, ACLU of Colorado, ACLU of Kansas, ACLU of New Mexico, ACLU of Oklahoma, and ACLU of Wyoming are state affiliates and chapters of the ACLU. The protection of privacy as guaranteed by the Fourth Amendment is of special concern to amici. The ACLU and its state affiliates and chapters have participated in a number of cases involving medical privacy under the Fourth Amendment, including serving as counsel for the plaintiffs-intervenors in *Oregon Prescription Drug Monitoring Program v. U.S. Drug Enforcement Administration*, 998 F. Supp. 2d 957 (D. Or. 2014), *appeal pending*, No. 14-35402 (9th Cir.), and as amici curiae in support of Appellant Ryan Pyle's suppression motion in his later-dismissed criminal prosecution, *State v. Pyle*, No. 131910379 (3d Dist. Ct., Salt Lake Cty., Utah, July 31, 2014).

Amici ACLU affiliates and chapters also have an interest in this case because each state in the Tenth Circuit maintains a prescription drug monitoring program database that leaves state residents' sensitive and private prescription records open to warrantless search by state or federal law enforcement. Amici's

participation in this case will help inform the Court of the need to make clear that the Fourth Amendment's warrant requirement applies uniformly to these records.

**MOTION FOR LEAVE TO FILE AMICUS BRIEF
OF PROPOSED AMICI CURIAE
AMERICAN CIVIL LIBERTIES UNION,
AMERICAN CIVIL LIBERTIES UNION OF UTAH,
AMERICAN CIVIL LIBERTIES UNION OF COLORADO,
AMERICAN CIVIL LIBERTIES UNION OF KANSAS,
AMERICAN CIVIL LIBERTIES UNION OF NEW MEXICO,
AMERICAN CIVIL LIBERTIES UNION OF OKLAHOMA, AND
AMERICAN CIVIL LIBERTIES UNION OF WYOMING**

Proposed Amici Curiae American Civil Liberties Union ("ACLU"), ACLU of Utah, ACLU of Colorado, ACLU of Kansas, ACLU of New Mexico, ACLU of Oklahoma, and ACLU of Wyoming (collectively, "proposed amici"), by and through undersigned counsel, file this motion pursuant to Federal Rule of Appellate Procedure 29(a)–(b) for leave to file an amicus brief. The grounds for this motion are as follows:

1. Proposed amici seek to file an amicus brief in support of Appellants Ryan Pyle and Marlon Jones in the above-captioned consolidated cases. The proposed amicus brief is attached to this motion.

2. Appellants filed their opening brief with this Court on March 23, 2016. Pursuant to Federal Rule of Appellate Procedure 29(e), an amicus brief in support of Appellants is due on March 30, 2016.

3. This case involves the question of whether people have a reasonable expectation of privacy in their prescription records held in a state prescription drug

monitoring program ("PDMP") database, and thus whether the Fourth Amendment warrant requirement applies to law enforcement searches of those records.

4. Proposed amici have significant experience litigating Fourth Amendment issues, including the Fourth Amendment protections due to sensitive medical records in general and prescription records held in a state PDMP in particular. For example, proposed amici ACLU and ACLU of Utah filed an amicus brief in support of Appellant Ryan Pyle's suppression motion in his later-dismissed criminal prosecution, which led to this litigation. *See* Brief of Amici Curiae American Civil Liberties Union Foundation and ACLU of Utah in Support of Defendant's Motion to Suppress, *State v. Pyle*, No. 131910379 (3d Dist. Ct., Salt Lake Cty., Utah, July 31, 2014). The ACLU is counsel for the plaintiffs-intervenors in *Oregon Prescription Drug Monitoring Program v. U.S. Drug Enforcement Administration*, 998 F. Supp. 2d 957 (D. Or. 2014), *appeal pending*, No. 14-35402 (9th Cir.), in which a federal court held that people have a reasonable expectation of privacy in their prescription records held in a PDMP and that the Fourth Amendment warrant requirement applies. Proposed amici have filed briefs in numerous other cases raising issues of medical privacy. *See, e.g.*, Brief of *Amici Curiae* American Civil Liberties Union, et al. Supporting Respondent, *Maryland v. King*, 133 S. Ct. 1 (2012) (addressing Fourth Amendment protections against warrantless DNA testing and analysis); Brief

6

Amicus Curiae of the American Civil Liberties Union, et al., *Ferguson v. City of Charleston*, 532 U.S. 67 (2001) (addressing Fourth Amendment protections for diagnostic test results held by hospital); *Herring v. Keenan*, 218 F.3d 1171 (10th Cir. 2000) (providing representation to plaintiff in case involving right to privacy in information about HIV status); Brief of Amici Curiae American Civil Liberties Union of Colorado, *Cardenas v. Jerath*, 180 P.3d 415 (Colo. 2008) (en banc) (addressing protections for medical privacy in context of discovery request in civil litigation).

5.  An amicus brief from proposed amici will aid the Court's consideration of this case by providing additional argument not contained in Appellants' brief about the constitutionality of Appellees' warrantless search of the confidential prescription records at issue. The amicus brief includes information about the specific medications tracked in the Utah Controlled Substance Database and the private medical information that prescriptions for those medications can reveal, historical facts about medical privacy norms that would have been relied on by the framers of the Fourth Amendment and that continue in force today, and citations to state legislation and court opinions that protect prescription records and other medical information and that inform the societal expectation of privacy in prescription records.

6.  An amicus brief will also aid the Court by providing information about the laws governing law enforcement access to PDMP records in each state within the Tenth Circuit. The proposed amicus brief explains why it is important for this Court to rule on the underlying Fourth Amendment question in this case, regardless of how the Court ultimately rules on qualified immunity. Without a ruling on the Fourth Amendment question, residents of states within the Tenth Circuit will remain vulnerable to warrantless searches of their sensitive prescription information.

7.  Counsel for Appellants consents to this motion. Counsel for Appellees does not consent to this motion.

**WHEREFORE,** proposed amici respectfully request leave to file the attached amicus brief.

| | |
|---|---|
| March 30, 2016 | Respectfully submitted, |

/s/ Leah Farrell
Leah Farrell (USB No. 13696)
John Mejia (USB No. 13965)
ACLU of Utah Foundation, Inc.
355 North 300 West
Salt Lake City, Utah 84103
Phone: (801) 521-9863
Fax: (801) 532-2850
lfarrell@acluutah.org
jmejia@acluutah.org

Nathan Freed Wessler
American Civil Liberties Union
   Foundation
125 Broad Street, 18th Floor
New York, New York 10004
Phone: (212) 549-2500
Fax: (212) 549-2654
nwessler@aclu.org

Mark Silverstein
Sara R. Neel
American Civil Liberties Union
   Foundation of Colorado
303 E. 17th Avenue, Suite 350
Denver, Colorado 80203
Phone: (720) 402-3114
msilverstein@aclu-co.org
sneel@aclu-co.org

Stephen Douglas Bonney
ACLU Foundation of Kansas
6701 W. 64th Street, Suite 210
Overland Park, Kansas 66202
Phone: (913) 490-4102
dbonney@aclukansas.org

Alexandra Freedman Smith
ACLU of New Mexico Foundation
P.O. Box 566
Albuquerque, New Mexico 87103-0566
Phone: (505) 266-5915 Ext. 1008
Fax: (505) 266-5916
asmith@aclu-nm.org

Brady R. Henderson, OBA#21212
ACLU of Oklahoma Foundation
3000 Paseo Drive
Oklahoma City, Oklahoma 73103
Phone: (405) 525-3831
Fax: (405) 524-2296
bhenderson@acluok.org

Courtney A. Bowie*
American Civil Liberties Union of
    Wyoming
P.O. Box 20706
Cheyenne, Wyoming 82001
Phone: 307-637-4565
Fax: 605-332-5648
cbowie@aclu.org

*admitted in Alabama, Mississippi and Massachusetts (inactive)

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that this 30th day of March, 2016, the foregoing Motion for Leave to File an Amicus Brief of the American Civil Liberties Union, American Civil Liberties Union of Utah, American Civil Liberties Union of Colorado, American Civil Liberties Union of Kansas, American Civil Liberties Union of New Mexico, American Civil Liberties Union of Oklahoma, and American Civil Liberties Union of Wyoming was filed electronically through the Court's CM/ECF system. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system.

> */s/ Leah Farrell*
> Leah Farrell

## **CERTIFICATE OF DIGITAL SUBMISSION**

I hereby certify that with respect to the foregoing:

(1) all required privacy redactions have been made per 10th Circ. R. 25.5;

(2) if required to file additional hard copies, that the ECF submission is an exact copy of those documents;

(3) the digital submissions have been scanned or viruses with the most recent version of a commercial virus scanning program, Sophos Anti-Virus 9.4.2, updated 3/30/16, and according to the program are free of viruses.


March 30, 2016                              ___s/ Leah Farrell_____
                                            Leah Farrell
                                            lfarrell@acluutah.org
                                            ACLU of Utah
                                            355 N 300 W
                                            Salt Lake City, UT 84103
                                                       (801) 521-9862